**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
JULIE W. O'DELL, SB# 291083
  E-Mail: Julie.ODell@lewisbrisbois.com
ROCHELLE C. ROTEA, SB# 325417
  E-Mail: Rochelle.Rotea@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendants ISS FACILITY SERVICES, INC. and ISS FACILITY SERVICES CALIFORNIA, INC. (erroneously sued as ISS SERVICES OF CALIFORNIA)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| NORMA MORALES MENDOZA, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ISS FACILITY SERVICES, INC.; ISS SERVICES OF CALIFORNIA; and DOES 1 TO 100 inclusive,<br><br>Defendants. | Case No.: 4:22-cv-03256<br><br>**DEFENDANTS ISS FACILITY SERVICES, INC. AND ISS SERVICES OF CALIFORNIA'S NOTICE OF REMOVAL**<br><br>[Filed concurrently with Defendants' Notice of Removal; and Declaration of Rochelle C. Rotea]<br><br>Action Filed in State Court: May 2, 2022<br>Alameda County Superior Court<br>Case No. 22CV010707<br><br>Trial Date:     None Set |

**NOTICE OF REMOVAL OF CIVIL ACTION TO PLAINTIFFS, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF THE UNITED STATES COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE Defendants ISS Facility Services, Inc., a Delaware corporation ("ISS"), and ISS Facility Services California, Inc. (erroneously sued as ISS Services of California), a Delaware corporation ("ISS California") (collectively, "Defendants") hereby give notice of the removal of this lawsuit from the Superior Court of California, County of Alameda, to the United

States District Court for the Northern District of California under 28 U.S.C. §§ 1332, 1441, and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332") because the parties are of diverse citizenship, *i.e.*, Plaintiff is a California citizen while Defendants are not California citizens, and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. section 1332. Defendant makes the following allegations in support of its Notice of Removal:

## I. STATEMENT OF JURISDICTION (DIVERSITY)

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), because it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different states."

2. As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

3. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(1)(2), 1391, and 1446

## II. STATE COURT ACTION

4. On May 2, 2022, Plaintiff Norma Morales Mendoza ("Plaintiff") filed a putative class action in Alameda Superior Court, entitled *Norma Morales Mendoza v. ISS Facility Services, Inc., et al.*, Case No. 22CV010707 (the "Complaint"). Declaration of Rochelle C. Rotea ("Rotea Decl.") ¶ 2, Exhibit ("Exh.") A. Plaintiff's Complaint asserts eight causes of action for: (1) failure to pay wages for all hours worked at minimum wage; (2) failure to pay overtime wages; (3) failure to authorize or permit meal periods, (2) failure to authorize and permit rest periods, (3) failure to pay minimum wages, (4) failure to indemnify employees for employment-related losses/expenditures; (5) failure to timely pay earned wages; (6) failure to provide complete and accurate itemized wage statements; (7) failure to timely pay all earned wages and final paychecks; and (8) unfair and unlawful business practices. *See* Rotea Decl., Exh. A., Compl., pgs. 5-30.

5. One May 6, 2022, ISS and ISS California were served with the Summons and Complaint. Rotea Decl. ¶ 2, Exhs. A and B. Plaintiff filed all of the proofs of services with the Alameda Superior Court. *Id.*, Ex. C.

6. In addition to the Summons, Complaint and proofs of service, the state court action contains the additional process, notices, and pleadings: Civil Case Cover Sheet filed for Norma Morales Mendoza; and Notice of Case Management Conference and Complex Determination Hearing, Alternative Dispute Resolution (ADR) Information Packet, Stipulation to Attend Alternative Dispute Resolution (ADR) and Delay Initial Case Management Conference for 90 Days. (see Rotea Decl. ¶ 4, Exh. D). To Defendants' knowledge, the documents attached as Exhibits A-D constitute all process, pleadings, and orders filed in the state court action as required under 28 U.S.C. section 1446(a). *Id.*

7. Defendants maintain that Plaintiff's lawsuit is subject to a dispute resolution agreement between Plaintiff and ISS, which requires Plaintiff's individual and class-based claims be resolved through private arbitration. Defendants do not waive their right to enforce the dispute resolution agreement by removing Plaintiff's lawsuit to this Court.

### III.   TIMELINESS OF REMOVAL

8. This Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446(b) in that it is being filed within 30 days of receipt of the Summons and Complaint by Defendants. Here, Plaintiff served the Complaint on Defendants on May 6, 2022. Therefore, Defendants can remove this action up to June 6, 2022. See Fed. R. Civ. P. 6(a) (explaining that "the last day of the period shall be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Because this removal is being brought within thirty (30) days after service of a paper from which Defendant could ascertain that the case is removable, it is therefore timely pursuant to 28 U.S.C. section 1446(b)(3).

9. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## IV. JURISDICTION AND VENUE

10. The Northern District of California has subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. section 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendants—i.e., Plaintiff is a California citizen while Defendants are not—and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. sections 84(c)(2), 1391(a), 1441, and 1446, venue is proper in the United District Court for the Northern District of California insofar as Defendant conducts business within Alameda County, California, which is where Plaintiff was employed, where the instant action was originally filed, and which is within the Court's jurisdiction.

## V. NOTICE TO STATE COURT AND PLAINTIFF

11. As required by 28 U.S.C. Section 1446(d), a copy of this Notice of Removal will be served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California for the County of Alameda.

## VI. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

**A. This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332(a).**

12. Plaintiff's putative class action is removable to the Northern District of California under sections 1332(a) and 1441(a) of the United States Code. *See generally Lyon v. Grainger, Inc.*, 2010 WL 1753194, *1 (N.D. Cal. 2010) ("[E]ven if a class action lawsuit seeks less [than the requirements of the Class Action Fairness Act], federal courts may still exercise jurisdiction where diversity is established."). The district courts have "original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. 1332(a)(1); *see also* 28 U.S.C. 1441(a) (allowing for removal of diversity actions). Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that each defendant must be a citizen of a different state from each plaintiff. *See Moss v. Infinity Insurance Co.*, 2017 WL 2335359, *2 (N.D. Cal. 2017).

13. Here, removal is proper under section 1332(a). There is complete diversity between Plaintiff and Defendants. Plaintiff is a citizen of, and domiciled in, California. Defendants are Delaware corporations with principal places of business outside of California—and, therefore, not "citizens" of California. Plaintiff's alleged damages, and requests for civil penalties, injunctive relief and attorney's fees, sets the amount in controversy over $75,000.

### B. Complete Diversity Of Citizenship Exists.

14. Plaintiff is presently a citizen of California. For purposes of establishing diversity jurisdiction, a natural person's state of citizenship is determined by her state of domicile. *See Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* at 857. Here, the Complaint alleges "[Plaintiff] is a citizen and resident of the State of California." Exh. A, Compl., p. 2, ln. 25. *See Ayala v. Cox Auto*, No. CV 16-06341-GHK (ASx), 2016 U.S. Dist. LEXIS 153617, *10 (C.D. Cal. Nov. 4, 2016) (holding there is a presumption a natural person's residence is also her domicile, and a party resisting this presumption bears the burden of producing contrary evidence). Based on Plaintiff's operative Complaint, it is clear she is both a "citizen" and a "resident" of California.

15. Defendants are Delaware corporations with principal places of business outside of California—and, therefore, not "citizens" of California. *See* 28 U.S.C. 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.").

16. ISS is and, at the time of filing of this action, was a corporation organized under the laws of Delaware, with its principal place of business in Texas. *See* Declaration of Phil Collins, . ("Collins Decl.") Decl. ¶ 3. ISS's senior corporate management work directly out of ISS's corporate headquarters in San Antonio, Texas. *See Id.* From this location, ISS's senior corporate management direct, control, and coordinate ISS's corporate operations. *See id.* ISS is a "citizen" of Delaware and Texas, not California.

17. ISS California is and, at the time of filing of this action, was a corporation organized under the laws of Delaware, with its principal place of business in Texas. ISS

California is a wholly owned subsidiary of ISS. *See* Collins Decl. ¶ 4. ISS California's senior corporate management work directly out of ISS California's corporate headquarters in San Antonio, Texas. *See id.* From this location, ISS California's senior corporate management direct, control, and coordinate ISS California's corporate operations. *See id.* ISS California is a "citizen" of Delaware and Texas, not California.

18. Lastly, for purposes of removal based on diversity of citizenship, the citizenship of defendants sued under fictitious names is disregarded. *See* 28 U.S.C. § 1441(b)(1); *see also Soliman v. Phillip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002). Thus, the citizenship of the alleged Doe defendants is of no consequence for purposes of this removal.

### C. The Amount in Controversy Exceeds $75,000.

19. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 403-404 (9th Cir. 1996). Based on Plaintiff's allegations, the amount in controversy is at least **$88,475.00**[1]— exceeding the $75,000 requirement under section 1332(a).[2] Although Plaintiff does not quantify her damages, she seeks to recover economic damages, attorney's fees and costs of suit, liquidated damages, pre-judgment interests, civil penalties, and injunctive relief. See Rotea Decl., Exh. A, Compl. p. 27-31 and Prayer for Relief. Based on a conservative estimate of Plaintiff's requested relief, the amount in controversy is at least **$88,475.00**,

20. Because Plaintiff failed to specify any sum for the value of her claims, "the court may consider facts in the removal petition… relevant to the amount in controversy at the time of removal. *See Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006). "In measuring the amount in controversy, a court must assume the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d

---

[1] This <u>conservative</u> amount does not even include the costs of the injunctive relief Plaintiff seeks.
[2] For this Notice of Removal only, Defendants are assuming the allegations in Plaintiff's complaint and the damages alleged.

1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn*, 536 F. Supp. 2d at 1205 (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

21.  "Plaintiff is the 'master of [her] claims'… if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of… the damages sought." *See Muniz v. Pilot Travel Centers, LLC*, 2007 WL 1302504, at *4 (E.D. Cal. 2007) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 376-377 (9th Cir. 1997) (holding a complaint's failure to allege a specific dollar amount renders the case removable if the defendant shows by a preponderance of the evidence that the jurisdictional amount is present). Plaintiff has neither specified the amount in controversy nor limited the amount of her claims. She alleges Defendants' "acts and omissions were done repeatedly over a significant period of time, and in a systematic manner." Rotea Decl., Exh. A, Compl. ¶ 55.

### a. Plaintiff's alleged economic damages is at least $63,420.

22.  <u>Failure to pay minimum wages—Labor Code section 1194.2 (Liquidated Damages)</u>: Plaintiff alleges that Defendants failed to pay PLAINTIFF minimum wages for all hours worked." Rotea Decl., Exh. A, Compl. ¶¶ 43-48. Plaintiff also seeks "liquidated damages" for failure to pay minimum wages under California Labor Code section 1194.2. *Id*., ¶48. Here, Plaintiff alleges that she was employed by Defendant beginning June 2018 to June 2021. *Id*. Exh. A, Compl, ¶ 4. Assuming, for purposes of this analysis only, a 25 percent violation rate for Plaintiff's unpaid minimum wage claim, the amount in controversy for Plaintiff's unpaid minimum wage claim is **$21,336** ($14 per hour x 2 hours x 762 workdays [June 1, 2018 to June 10, 2021].

23.  <u>Overtime wages</u>: Plaintiff claims that Defendants failed to compensate Plaintiff for all overtime hours worked. Rotea Decl., Compl. ¶¶ 49-58. Plaintiff seeks the alleged unpaid wages owed, penalties, interest, reasonable attorney's fees, and costs. *Id*., Exh. A., Compl., p. 28.

Assuming for purposes of this analysis only that Plaintiff worked two hours of overtime per workday and her rate of pay was at least $14.00 per hour, as detailed above, the amount in controversy for Plaintiff's overtime-related claim is **$32,004**. ($14.00 hourly rate x 2 hours per day x 1.5 overtime premium x 762 workdays [June 1, 2018 to June 10, 2021]).

24. <u>Alleged Meal Period Violations</u>: Plaintiff alleges that Defendant "failed to comply with the meal period requirements" and "failed to authorize and permit the required rest breaks" under California law. Rotea Decl., Exh. A., Compl. ¶¶ 59-667. Assuming, for purposes of this analysis only, as Plaintiff alleges, she fwas "regularly" denied meal periods at only a violation rate of 80 percent, the amount in controversy for the alleged meal period violations is approximately **$7,560** ($14.00 [Plaintiff's hourly rate] x 4 hours per week x 135 weeks).

25. <u>Failure to indemnify employees for necessary expenditures</u>: Plaintiff's Fourth Cause of Action for Failure to Indemnify Employees for Employment-related Losses and Expenditures seeks reimbursement for all necessary expenditures and losses incurred in direct consequence of the discharge of [Plaintiff's] duties. Rotea Decl., Exh. A., Compl. ¶¶ 67-74. Assuming Plaintiff is entitled to reimbursement of tools and/or resources at a rate of $65 per month for the approximately 36 months Plaintiff was allegedly employed by Defendants, then the amount in controversy for this claim would total **$2,520**.

**b. Cost of Injunctive Relief to Defendants.**

26. <u>Injunctive Relief</u>: In addition to the amount of compensatory damages, penalties and attorney's fees, courts also consider the value of injunctive relief in analyzing the amount in controversy. Where a putative class plaintiff seeks injunctive relief to enforce an individual right, like the individual rights asserted here, courts must look to the cost of the injunction against the defendant. *See Lyon v. WW. Grainger, Inc.*, 2010 WL 1753194, *2 (N.D. Cal. 2010) ("The cost of taxes and the injunction against defendant must be included when determining the amount in controversy.") (citing *In re Ford Motor Co., et al.*, 264 F.3d 952, 959 (9th Cir. 2001)). Plaintiff's purported Ninth Cause of Action under Business and Professions Code section 17200, includes preliminary and permanent injunctive relief as a possible remedy. Rotea Decl., Exh. A, Compl. ¶¶ 27-31.

27. Plaintiff seeks an order for injunctive relief restraining Defendants from engaging in any of its alleged unlawful business practices in the future. Rotea Decl., Exh. A, Compl. Exh. ¶¶ 27-31. In the Complaint, Plaintiff specifies the unlawful employment practices to be restrained as Defendants' alleged violations of the California Labor Code and the IWC Wage Orders which arguably include Plaintiff's allegations that Defendants failed to pay overtime, and failed to provide required meal breaks. The cost to a defendant of complying with an order for injunctive relief is properly includable in the amount in controversy. *See, e.g., In re: Ford Motor Company/Citibank (South Dakota), N.A.*, 264 F.3d 952 (9th Cir. 2001) (in suits involving equitable relief, "if the value of the thing to be accomplished [is] equal to the dollar minimum of the jurisdictional amount requirement to anyone concerned in the action, then jurisdiction [is] satisfied.") (quoting *Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 398-99 (9th Cir. 1944).

28. Based on the allegations in the Complaint, such injunctive relief would require Defendants to pay its employees overtime pay, among other costs. Although Defendants cannot determine with precision at this point the cost it would incur in complying with the requested injunctive relief vis-a-vis Plaintiff, such cost would add very substantially to the amount in controversy.

29. While Defendants may not aggregate Plaintiff's *damages* with the putative class members *damages* to calculate the amount in controversy, *see generally In re Ford Motor Co.*, 264 F.3d at 959, a party is not prohibited from aggregating the cost of complying with an injunction to reach the amount in controversy. The *cost* of the injunction to Defendants will be the same whether Plaintiff is proceeding in a class action. In other words, whether Plaintiff is proceeding for herself or for the class, the cost of the injunction will be the same to Defendants. Thus, it is permissible to aggregate the cost Defendants will incur because of complying with the injunction sought by Plaintiff.

30. Further, assuming Plaintiff is successful and obtains injunctive relief, Defendants would be required to make tax contributions on the overtime wages in the form of Medicare, Social Security, State Disability Insurance, and other appropriate taxes. *See generally* IRS, P<small>UBL.</small>



15 (2019), (Cir. E), EMPLOYER'S TAX GUIDE (noting the social security tax rate is 6.2% for the employer, and the Medicare tax rate is 1.45% for the employer).

### c. Plaintiff's alleged statutory and civil penalties total $7,360.

31. <u>Failure to Provide Accurate Wage Statements Claim</u>. As a derivative claim to Plaintiff's minimum wages, overtime wages, and meal premium wages claims, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to herself and the Wage Statement Class. Rotea Decl., Exh. A., Compl. ¶ 85. Pursuant to Labor Code Section 226(e), Plaintiff alleges that she and the Wage Statement Class are each entitled to recover fifty dollars for the initial pay period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in a subsequent pay period, to a maximum of **$4,000**. Exh. A., Compl. ¶ 89. The statute of limitations for Labor Code § 226 is one year. See *Singer v. Becton, Dickinson & Co.*, 08-CV-0821, 2008 WL 2899825, at *5 (S.D. Cal. July 25, 2008).

32. <u>Failure to pay wages due at time of separation</u>. Plaintiff further seeks penalties pursuant to 201-203 of the California Labor Code for Defendants' purported failure to pay Plaintiff all wages owed at the time of separation from Defendants. Rotea Decl., Exh. A., Compl. ¶¶ 92-100. Labor Code § 203 provides that an employee is entitled to recover one day's wages, for up to 30 days, if an employer willfully fails to timely pay all wages owed at termination. Cal. Lab. Code § 203. Thus, if Plaintiff prevailed on her claims, Plaintiff could recover an additional **$3,360.00** ($14.00/hour x 8 hours/day x 30 days) for alleged Section 203 penalties.

### d. Plaintiff's statutory claim for attorney's fees alone are at least $17,695, but could exceed $800,000

33. Finally, Plaintiff seeks attorney's fees and costs. Rotea Decl., Exh. A, Compl. pages 27-31. "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp 2d 1004, 1011 (N.D. Cal. 2002); see also *Celestino v. Renal Advantage, Inc.*, No. C 06-07788 JSW, 2007 U.S. Dist. LEXIS 33827, *11 (N.D. Cal. 2007)

("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal."). Here, Plaintiff seeks attorney's fees and costs authorized by statute, including the California Labor Code. *See generally* Cal. Lab. C. §§ 1194, 2699 and 2802.

34. The accepted method for determining attorney's fees in a class action is to award the plaintiff's attorney 25% of her recovery. Indeed, the Ninth Circuit has set 25% of recovery as the benchmark for recovery of attorney's fees in class actions. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F. 2d 268, 272 (9th Cir. 1989) (using a benchmark of 25 percent of the plaintiffs' recovery in class actions for the presumptive amount of attorneys' fees); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F. 2d 1301 (9th Cir. 1990) (holding that attorneys' fees may be calculated at 25 percent of the plaintiffs' recovery). In this case, if 25 percent of recovery is used as the presumptively reasonable amount of attorney's fees, and taking Plaintiff's claim as an individual claim, based on Plaintiff's potential individual recovery of at least $63,420—the approximate total of her economic damages and penalties, if she succeeds—then the benchmark attorneys' fee award would be **$17,695**.[3]

35. However, "[t]he benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers*, 904 F. 2d at 1311. Thus, regardless of the means the Court uses to calculate Plaintiff's attorneys' fees, the absolute minimum amount of attorneys' fees that can be attributed to Plaintiff for this litigation for purposes of the amount of controversy requirement ranges is at least $16,034.00.

### VII. DEFENDANTS HAVE SATISFIED THE REQUIREMENTS FOR REMOVAL.

36. As set forth above, this Notice of Removal is filed within thirty days of service of process on Defendants; venue is proper in this district because it embraces the state court in which the removed action has been pending; and all process, pleadings and orders filed in this action are

---

[3] For individual claims, attorneys' fees can be as high as 40 percent of the net recovery.

1  attached hereto.  Defendants will promptly give Plaintiff written notice of the filing of this Notice
2  of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior
3  Court for the County of Alameda, wherein the action is currently pending, as required by 28
4  U.S.C. § 1446(d).

5      37.   If any questions arise as to the propriety of the removal of this action, Defendants
6  request the opportunity to present a brief and oral argument in support of their position that this
7  case is removable.

8      38.   By this Notice of Removal and the Exhibits hereto, Defendants do not intend to
9  make any admissions of fact, law or liability relating to the claims in the Complaint, and it
10 expressly reserves the right to make any and all defenses and motions necessary in its defense
11 against Plaintiff's allegations.

**VIII.   CONCLUSION**

13     39.   Defendants respectfully request that this action be removed from the Superior
14 Court of California, County of Alameda, to the United States District Court for the Northern
15 District of California.

16     40.

17 DATED:  June 3, 2022	JOHN L. BARBER
	JULIE W. O'DELL
18	ROCHELLE  C. ROTEA
	LEWIS BRISBOIS BISGAARD & SMITH LLP

	By: _____
	ROCHELLE C. ROTEA
	Attorneys for Defendants ISS FACILITY
	SERVICES, INC. and ISS FACILITY SERVICES
	CALIFORNIA, INC.

